Kiernan H.D. O'SULLIVAN, and Judith
L.M. O'Sullivan, Plaintiffs,

v.

Lee R. SAPERSTON, and Ruth Jane
Zuckerman, Defendants.

No. 84 Civ. 0445 (JMC).

United States District Court,
S.D. New York.

July 19, 1984.

Kiernan O'Sullivan, pro se for plaintiffs.

Atty. Gen., Robert Abrams, Asst. Atty. Gen., Melvyn R. Leventhal, New York City, for defendant Ruth Jane Zuckerman.

Corporation Counsel, Frederick A.O. Schwarz, Jr., Asst. Corporation Counsel Larry K. Schwarzstein, New York City, for defendant Lee R. Saperston.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Defendants' motions to dismiss the Complaint are granted. Fed.R.Civ.P. 12(b)(6).

### FACTS

Plaintiffs commenced this action on January 20, 1984 seeking to enjoin Judge Ruth Jane Zuckerman of the Family Court of the City of New York and Lee R. Saperston, Assistant Corporation Counsel for the City of New York ["Corporation Counsel"] from requiring plaintiff Kiernan H.D. O'Sullivan to produce joint income tax returns pursuant to a judicial subpoena duces tecum issued in connection with a proceeding to enforce a judgment for child support against him. *See* Order to Show Cause for A Preliminary Injunction, 84 Civ. 0445 (JMC) (S.D.N.Y. Jan. 20, 1984). Mr. O'Sullivan claims that the subpoena violates his wife's—plaintiff Judith L.M. O'Sullivan—privacy rights and forces him to violate her rights by complying thereto. Judge Keenan denies plaintiffs' motion for injunctive relief finding that plaintiffs were not irreparably harmed and were unlikely to succeed on the merits because of the abstention doctrine. Memorandum Opinion and Order, 84 Civ. 0445 (JFK).

The Complaint alleges that plaintiffs' privacy and civil rights have been violated. *See* Complaint 84 Civ. 0445 (JMC) at 2, (S.D.N.Y. Jan. 20, 1984). Plaintiffs' motion papers allege violations of their rights pursuant to 42 U.S.C. § 1983 ["section 1983"]. *See* Memorandum in Opposition to Motion to Dismiss at 3 (filed Apr. 2, 1984). Plaintiffs also state that the Family Court matter has been completed.

### DISCUSSION

*Immunity*

Plaintiffs allege claims against a state court judge and an assistant corpora-

tion counsel for the City of New York. The claims against Judge Zuckerman are dismissed because judges are granted immunity in the exercise of their official duties.[1] *See Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Green v. Maraio*, 722 F.2d 1013, at 1016 (2d Cir.1983). Assistant Corporation Counsel argues that he, too, is immune from lawsuits in the exercise of his official duties, relying on the holding in *Butz v. Economou*, 438 U.S. 478, 508–12, 98 S.Ct. 2894, 2911–13, 57 L.Ed.2d 895 (1978); *see Betts v. Richard*, 726 F.2d 79 at 81 (2d Cir.1984). Curiously, Corporation Counsel failed to bring to the Court's attention *Martin Hodas, East Coast Cinematics v. Lindsay*, 431 F.Supp. 637, 642–43 (S.D.N.Y.1977), which determined that the grant of absolute immunity afforded criminal prosecutors applies to corporation counsel in section 1983 cases. The court surmised that the same rationale supporting immunity for prosecutors who seek to enforce the criminal laws should apply equally to civil prosecutors. *See id.* at 643; *see also Davis v. Scherer*, —— U.S. ——, ——, 104 S.Ct. 3012, 3020, 82 L.Ed.2d 139 (1984) (policies supporting qualified immunity). The Court concurs. Thus, the claims asserted against Corporation Counsel are also dismissed.

*Merits*

 The Court is mindful that to establish a section 1983 claim, plaintiffs need only show that defendants acted under color of state law and caused them to be deprived of a constitutional or federal right. *See Annunziato v. The Gan, Inc.*, (2d Cir.1984). Nonetheless, parenthetically, the claims asserted against defendants are comprised of vague and conclusory allegations. *See Ostrer v. Aronwald*, 567 F.2d 551, 552 (2d Cir.1977). Moreover, even if an assistant corporation counsel were afforded only qualified immunity or no immu-

nity whatsoever, tax returns that are "in the hands of the taxpayer are held subject to discovery". *St. Regis Paper Co. v. United States*, 368 U.S. 208, 219, 82 S.Ct. 289, 296, 7 L.Ed.2d 240 (1961). Plaintiffs' argument that the request for production of their joint tax returns violated their privacy rights and constituted a section 1983 claim, is rejected as meritless. *See id.; United States v. O'Mara*, 122 F.Supp. 399, 400 (D.C.D.C. 1954). Accordingly, claims against the defendants are dismissed.

## CONCLUSION

In accordance with the foregoing, defendants' motions to dismiss are granted. Fed.R.Civ.P. 12(b)(6).

Defendants' requests for costs are denied.

The Clerk of the Court is directed to dismiss the Complaint in accordance herewith.

SO ORDERED.

---

**1.** The Supreme Court has indicated that the cases which grant federal officials immunity in 42 U.S.C. § 1983 actions apply equally to state officials. *See Davis v. Scherer*, —— U.S. ——, —— n. 12, 104 S.Ct. 3012, 3020 n. 12, 82 L.Ed.2d 139 (1984).