**John M. SPEAR and Spear Printing Company, Inc.**

v.

**TOWN OF WEST HARTFORD, Marjorie S. Wilder, Corporation Counsel, and Robert R. McCue, Chief of Police and Acting Town Manager, in their official and individual capacities, and Summit Women's Center West, Inc.**

**Civ. No. H–90–682 (AHN).**

United States District Court, D. Connecticut.

April 17, 1991.

Joseph P. Secola, New Milford, Conn. and George Mercer, Groton, Conn., for plaintiffs.

David T. Ryan, Robinson & Cole, James J. Szerejko, Halloran & Sage, and Elliot B. Spector and Scott M. Karsten, Sack, Spector & Barrett, West Hartford, Conn., for defendants.

RULING ON MOTIONS TO DISMISS

NEVAS, District Judge.

On August 22, 1990, John Spear ("Spear") and Spear Printing Company,

Inc. ("Spear Printing"), commenced this section 1983 action against the Town of West Hartford ("the Town"), Marjorie Wilder ("Wilder"), Corporation Counsel for the Town of West Hartford, Robert McCue ("McCue"), Police Chief and acting Town Manager for the Town of West Hartford, and Summit Women's Center West, Inc. ("Summit").[1] The plaintiffs allege violations of the First and Fourteenth Amendments (Count I), vexatious litigation (Count II), and libel and defamation (Count III). The defendants now move to dismiss all counts of the complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P. For the reasons stated below the defendants' motions to dismiss are granted.

## DISCUSSION

 When considering a motion to dismiss the court accepts all factual allegations in the complaint as true and draws inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Corcoran v. American Plan Corp.*, 886 F.2d 16, 17 (2d Cir.1989). Dismissal is not warranted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Patton v. Dole*, 806 F.2d 24, 30 (2d Cir.1986). "The issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978), *cert. denied*, 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). Thus, the question for this court to decide is "whether or not it appears to a certainty under existing law

that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims." *De La Cruz*, 582 F.2d at 48.

## I. BACKGROUND

### A. *Town of West Hartford v. Operation Rescue*

Spear is the editor of the *Orange County Post ("The Post")*, a weekly newspaper published in Washingtonville, New York. Spear Printing, a corporation owned by Spear and others, publishes *The Post*. On April 4, 1989, Spear wrote and published an editorial entitled "Northern Rednecks" in which he commented upon and sharply criticized the actions of the West Hartford Police Department in attempting to disband an Operation Rescue anti-abortion demonstration in front of the Summit Women's Center in West Hartford, Connecticut. At some point between April 4 and April 20, 1989, a copy of the editorial was given to the Town's corporation counsel. On June 27, 1989, the West Hartford Town Council passed a resolution authorizing Wilder "to take whatever legal action necessary" to stop future Operation Rescue protests from occurring in the Town. Two days later, the Town, through the office of its corporation counsel, commenced civil action in the United States District Court for the District of Connecticut, to prohibit future demonstrations in the Town.[2] Wilder and McCue authorized the filing of the complaint, in which two of the defendants named were Spear and Spear Printing.[3] The complaint included causes of action pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, and alleged, among other things, a conspiracy to interfere with civil rights.[4] The complaint also sought injunctive relief. United States District Judge

---

1. The complaint was filed in response to the defendants' initiation of a civil action against the plaintiffs in June 1989.

2. *Town of West Hartford v. Operation Rescue, et al.*, 726 F.Supp. 371 (D.Conn.1989).

3. The only connection Spear and Spear Printing had to the anti-abortion demonstration was the printing of "Northern Rednecks". The information contained in the editorial was provided to

the newspaper by one of its reporters, Catherine A. Jersey, who had participated in the demonstration. There was no indication that Spear and Spear Printing were involved otherwise in the demonstrations that occurred in the Town during April and June of 1989.

4. Paragraph 66 of the complaint stated:

On or about Tuesday, April 4, 1989, the defendant Spear Printing Co., Inc., through its

Peter C. Dorsey issued a temporary injunction on June 29, 1989 and extended the injunction on July 13, 1989.

On September 22, 1989, Summit filed an intervenor complaint, also naming Spear and Spear Printing as defendants.[5] On December 6, 1989, the Town and Summit filed a joint amended complaint. The joint amended complaint dropped the allegations against Spear and Spear Printing and thereby terminated the litigation against them.

### B. *The Instant Action*

Here, the plaintiffs make several allegations. First, they contend that the temporary injunction caused an intimidating and chilling effect upon their First Amendment right to freedom of the press. The plaintiffs also allege that between June 17 and 29, 1989, the Town and Summit agreed to act together in commencing litigation against Spear and Spear Printing, and that the joint decision violated their due process rights. The defendants' response is threefold. Wilder and McCue argue that they are absolutely immune from suit because they authorized the filing of the Town's complaint in their official capacities. The Town argues that the complaint fails to state a cause of action under section 1983. And Summit argues that it was not a "state actor acting under color of law" and therefore it is immune from a section 1983 action.

## II. COUNT ONE: 42 U.S.C. § 1983

### A. *Wilder and McCue*

■ The plaintiffs allege that Wilder and McCue authorized the filing of the Town's complaint against them.[6] Wilder and McCue contend that they are absolutely immune from suit because they initiated proceedings against the plaintiffs in their capacities as government officials. The court agrees with Wilder and McCue.

■ Absolute immunity is an affirmative defense that serves to protect government officials, when performing discretionary acts, from personal liability under section 1983. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Dobosz v. Walsh*, 892 F.2d 1135, 1140 (2d Cir.1989). Absolute immunity has been accorded to various categories of government officials in order to enable them to function independently, and without fear or harassment. Government officials that enjoy the protection of absolute immunity include prosecutors, *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) and high executive officers engaged in quasi-judicial functions, *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

In *Imbler*, the Supreme Court held that absolute immunity from section 1983 liability exists for prosecutorial activities "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430, 96 S.Ct. at 995; *accord Butz*, 438 U.S. at 510–511, 98 S.Ct. at 2913. In *Butz*, the Supreme Court analogized government administrative proceedings to criminal prosecutions. The Court held that government officials initiating administrative proceedings, and agency attorneys introducing evidence and cross-examining witnesses in

---

editor, the defendant John M. Spear, deliberately and maliciously published an incorrect, defamatory account of the April 1, 1989 protest based upon reports given to him by the defendant Catherine A. Jersey, another employee of the defendant Spear Printing Co., Inc., who was one of the protesters arrested by West Hartford police on April 1, 1989 at the Summit Women's Center, in furtherance of the efforts of the Defendants and others to harass, intimidate and extort a less diligent or softened response from the West Hartford Police Department to future protest activities by the Defendants and others at the Summit Women's Center and elsewhere within the Town of West Hartford.

5. The only allegation regarding Spear and Spear Printing in Summit's complaint is identical to the language in footnote four.

6. Paragraph 21 of the complaint states:

On or about June 29, 1989, the Town of West Hartford, through the office of its Corporation Counsel, ... commenced a legal action in the United States District Court for the District of Connecticut,.... Two of the defendants in the said action were John M. Spear and Spear Printing, Co., Inc. On information and belief, Defendants Wilder and McCue authorized the filing of the said lawsuit.

them, are absolutely immune from liability in damages for their decisions. *Butz*, 438 U.S. at 512–517, 98 S.Ct. at 2913–2916. The Court reasoned that were government officials and attorneys subject to liability, they "might hesitate to bring forward some witnesses or documents" for fear that the proof might turn out to be false. *Butz*, 438 U.S. at 517, 98 S.Ct. at 2916.

The Second Circuit extended absolute immunity to government attorneys who defend civil actions in *Barrett v. United States*, 798 F.2d 565 (2d Cir.1986). In *Barrett* the court reasoned that:

> It is urged that [absolute immunity ought not be accorded] when the government attorney *defends* a civil suit. We disagree. It is true that the successful plaintiff in such litigation, having gained some or all of the relief sought, is unlikely to follow up with a harassing suit against the defending government lawyer. Also, the risk to the successful government civil defense attorney of becoming the victim of vexatious litigation by a disappointed litigant is probably less than if the government attorney had initiated the litigation. However, that risk is far from non-existent. His image may not be comparable to that of a prosecutor, but it is not difficult to conceive of situations where, although the government is the defendant, its counsel asserts affirmative defenses.... tending to upset or excite resentment on the part of the civil plaintiff.... His function as a government advocate therefore entitles him to absolute immunity, which is 'necessary to assure that.... *advocates* ... can perform their respective functions without harassment or intimidation.'

*Barrett*, 798 F.2d at 572 (quoting *Butz*, 438 U.S. at 512, 98 S.Ct. at 2913–2914) (emphasis supplied). For the same reasons, abso-

lute immunity has also been afforded to municipal attorneys who initiate civil actions.[7]

Here, plaintiffs allege that Wilder and McCue authorized the filing of the complaint and that McCue verified the facts submitted in the complaint. The plaintiffs also allege that Wilder and McCue initiated the suit pursuant to the Town Council resolution in which Wilder and McCue were directed to take "whatever legal action necessary" to prevent future anti-abortion demonstrations. Clearly, Wilder and McCue acted in their official capacities in response to a directive from the Town Council. Accordingly, Wilder and McCue are absolutely immune, in their official and individual capacities, from section 1983 liability. The court thus dismisses Count I of the complaint as to Wilder and McCue.

### B. *The Town*

#### 1. *Deprivation of First Amendment Rights*

■ The Town contends that plaintiffs fail to state a cause of action under section 1983 for deprivation of their First Amendment rights. In *Laird v. Tatum*, 408 U.S. 1, 12, 92 S.Ct. 2318, 2325, 33 L.Ed.2d 154 (1972), the Supreme Court observed that "[g]overnmental action may be subject to constitutional challenge even though it has only an indirect effect on the exercise of First Amendment rights." The Court also noted the importance of:

> [the] established principle that to entitle a private individual to invoke judicial power to determine the validity of executive or legislative action, he must show that he has sustained or is in immediate danger of sustaining, a direct injury as a result of that action.

*Laird* 408 U.S. at 14, 92 S.Ct. at 2326 (1972) (citing *Ex parte Levitt*, 302 U.S. 633,

---

**7.** *See Martin Hodas, East Coast Cinematics v. Lindsay*, 431 F.Supp. 637, 642–643 (S.D.N.Y.1977) (in section 1983 action absolute immunity extended to city corporation counsel who initiated civil proceedings against the plaintiff); *Augustyniak v. Koch*, 588 F.Supp. 793, 797–98 (S.D.N.Y.1984), *aff'd*, 794 F.2d 676 (2d Cir.1984), *cert. denied*, 474 U.S. 840, 106 S.Ct. 123, 88 L.Ed.2d 101 (1985) (city attorneys abso-

lutely immune from section 1983 liability arising from their initiation of civil proceedings to enforce municipal housing code); *O'Sullivan v. Saperston*, 587 F.Supp. 1041, 1043 (S.D.N.Y.1984) (corporation counsel absolutely immune from section 1983 liability arising from his initiation of proceedings to enforce judgment for child support).

634, 58 S.Ct. 1, 82 L.Ed. 493 (1937)). Thus, the plaintiff must make specific allegations of fact that indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient. *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987); *Koch v. Yunich,* 533 F.2d 80, 85 (2d Cir.1976); *Fine v. City of New York,* 529 F.2d 70, 73 (2d Cir.1975).[8]

■ Here, the plaintiffs' claim is that the defendants' authorization and filing of the complaint produced a chilling effect upon the exercise of the plaintiffs' First Amendment rights. Paragraph 29A of the complaint states:

The general anti-conspiracy language of both injunctions which were authorized by the Town, and which was broadly worded against all Defendants, including the Plaintiffs, caused an intimidating and chilling effect upon the Plaintiffs' First Amendment free press rights, because the only act identified in the Complaint against the Plaintiffs was the editorial.

In paragraph 58 of the complaint, the plaintiffs allege:

The said lawsuits instituted by the Town of West Hartford and the Summit Women's Center West, Inc. caused John M. Spear fear, mental anguish and worry over any potential legal liability particularly in view of the allegations of criminal acts, criminal extortion and criminal racketeering conspiracy, thereby causing a chilling effect upon his First Amendment rights of the press and speech.

Paragraph 60 of the complaint states:

The said West Hartford and Summit Complaint brought by the Town of West Hartford and Summit against John M. Spear and Spear Printing Co., Inc. were commenced with malice or reckless indifference to the plaintiff's Constitutional rights and deprived John M. Spear and Spear Printing Company, Inc. of their

First Amendment rights of speech and of the press.

In paragraph 62 of the complaint, the plaintiffs allege:

The said two lawsuits and the subsequent litigation have damaged John M. Spear and Spear Printing Co., Inc. in that they have been deprived of their rights of speech and of the press by the chilling effect of the said RICO and Hobbs Act lawsuits and particularly by their allegations of extortion, crimes and criminal racketeering conspiracy.

These allegations are insufficient. The plaintiffs fail to make specific allegations that indicate a deprivation of constitutional rights. Indeed, there is no indication that the plaintiffs did in fact suffer any cognizable constitutional deprivation; the plaintiffs have not alleged that Spear stopped writing editorials or that Spear Printing stopped publication during the time they were parties to the lawsuit. As the Supreme Court held in *Laird,* "allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Laird,* 408 U.S. at 14–15, 92 S.Ct. at 2325–2326.[9] The chilling effect alleged by the plaintiffs is speculative, indirect and remote. Accordingly, the plaintiffs have failed to allege a cause of action pursuant to section 1983 for deprivation of their First Amendment rights.

### 2. *Substantive Due Process*

■ The plaintiffs have also failed to state a claim under section 1983 based on a violation of substantive due process. Pursuant to section 1983, the plaintiff need not allege a violation of a specific constitutional guarantee. *Baker v. McCollan,* 443 U.S. 137, 147, 99 S.Ct. 2689, 2696, 61 L.Ed.2d 433 (1979). However, section 1983 does require that the actions alleged "shock the conscience," offend the "con-

---

**8.** The "mere allegation that [the plaintiff] was harmed does not amount to satisfying the causation requirement of a Section 1983 action." *Sullivan v. Carrick,* 888 F.2d 1, 4 (1st Cir.1989).

**9.** *See also Sullivan,* 888 F.2d at 3 ("to show a First Amendment violation in this context [the

plaintiff] must allege that his speech was in fact chilled or intimidated"); *Collin County, Texas v. H.A.V.E.N.,* 654 F.Supp. 943, 953 (N.D.Tex.1987); *Laxalt v. McClatchy,* 622 F.Supp. 737 (D.Nev. 1985).

cept of ordered liberty," or suggest "outrageousness." *Baker*, 443 U.S. at 147, 99 S.Ct. at 2696 (Blackmun, J., concurring). Unless the alleged conduct is so egregious that it$^A$ violates "a principle of justice so rooted in the conditions and conscience of our people as to be ranked as fundamental," *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934), it does not violate substantive due process and thus will not support a claim cognizable under section 1983. *Baker*, 443 U.S. at 146-47, 99 S.Ct. at 2695-2696.

█ Here, the court holds that the defendants' initiation of suit against the plaintiffs and the meeting between the Town's attorneys, the attorneys for Summit and Leisa Montgomery, a Summit administrator, do not constitute conduct so egregious as to "shock the conscience." [10]

### 3. *Malicious Prosecution*

█ In paragraphs 37, 38 and 60 of the complaint, the plaintiffs allege that the defendants' "frivolous, vexatious lawsuit" constituted an "improper misuse of the [c]ivil legal procedure." Specifically, the plaintiffs assert that allegations of malicious prosecution support a cause of action pursuant to section 1983. The defendants contend that the allegations do not set forth a cause of action pursuant to section 1983 and that the proper avenue for relief is a state court action. The court holds that the plaintiffs' complaint does not state a cause of action for malicious and vexatious prosecution under section 1983.

**10.** The plaintiffs contend that the meeting between corporation counsel, Summit's counsel and a Summit administrator provided the defendants with an opportunity to conspire to violate the plaintiffs' constitutional rights. However, it is reasonable to conclude the meeting was scheduled to provide the Town with an opportunity to learn additional facts concerning the April 1, 1989, demonstration.

**11.** The cases cited by the plaintiffs uniformly concern the imposition of liability under section 1983 based on malicious *criminal* prosecution. *See e.g., White v. Frank*, 855 F.2d 956, 961 n. 5 (2d Cir.1988); *Conway v. Village of Mount Kisko*, 758 F.2d 46, 48 (2d Cir.1985), *cert. dismissed*, 479 U.S. 84, 107 S.Ct. 390, 93 L.Ed.2d 325

█ The plaintiffs confuse two distinct causes of action. They assert that the complaint adequately supports a cause of action for malicious prosecution under section 1983, yet they were subject to *civil* liability by the suit initiated by the defendants. Malicious prosecution is distinguished from malicious abuse of process "in that the former relates only to criminal actions while the latter applies only to civil actions." 54 *Corpus Juris Secundum*, Malicious Prosecution § 3, at 524. Indeed, the plaintiffs cite no authority for the proposition that the malicious abuse of process supports a claim under 1983.[11] In contrast, the Town adequately supports its motion to dismiss with germane case law which embodies the proposition that section 1983 liability may not be predicated on a claim for malicious abuse of process. *See Coogan v. City of Wixom*, 820 F.2d 170, 174-5 (6th Cir.1987); *Havas v. Thornton*, 609 F.2d 372, 376 (9th Cir.1979); *Becker Phosphate Corp. v. Muirhead*, 581 F.2d 1187, 1189 (5th Cir.1978); *AGI-Bluff Manor, Inc. v. Reagen*, 713 F.Supp. 1535, 1544 (W.D.Mo. 1989); *Phillips v. Pennsylvania Higher Educ. Assistance Agency*, 497 F.Supp. 712, 722 (W.D.Pa.1980), *cert. denied*, 455 U.S. 924, 102 S.Ct. 1284, 71 L.Ed.2d 466 (1981), *rev'd on other grounds*, 657 F.2d 554 (5th Cir.1981). Accordingly, the court holds that the complaint does not state a cause of action for malicious prosecution under section 1983.

### C. *Summit*

█ The plaintiffs also allege that Summit conspired with the Town to violate their constitutional rights.[12] Summit argues

(1986); *Raysor v. Port Authority of New York and New Jersey*, 768 F.2d 34, 39-40 (2d Cir. 1984), *cert. denied*, 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986); and *Singleton v. New York*, 632 F.2d 185 (2d Cir.1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981).

**12.** Paragraph 46 of the plaintiffs' complaint alleges that:

Between June 17, 1990, and the filing date of June 29, 1990, an agreement was reached to act in concert between Defendant Summit Women's Center West, Inc., and the Defendant Town of West Hartford and its agents. A meeting took place between attorneys from

that it is a private entity with no authority to act under color of law and thus is not subject to liability pursuant to section 1983. The court agrees with Summit.

Section 1983 does not provide a remedy for all constitutional injuries, but only for those caused by persons who either are state actors or are acting "under color of state law." *Rendell–Baker v. Kohn,* 457 U.S. 830, 835, 102 S.Ct. 2764, 2768, 73 L.Ed.2d 418 (1982); *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978); *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948). The Supreme Court defines "acting under color of state law" as the " '[m]isuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *Monroe v. Pape,* 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961) (quoting *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)). Of course, in order to act under color of state law the defendant need not be an officer of the state. Private parties may incur liability for their conduct when the individual actor is "a willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress and Company,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (quoting *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966)).

In paragraphs 46 and 47 of the complaint, the plaintiffs allege that (i) "[a]n agreement was reached to act in concert between defendant Summit Women's Center West, Inc., and the defendant Town of West Hartford and its agents"; and (ii) "such a joint decision to commence wrongful civil proceedings" violated the plaintiffs' due process rights.

These allegations are insufficient for three reasons. First, the allegations are conclusory and too vague to support a claim of conspiracy between a private party and a government actor for purposes of the "action under the color of law" requirement. *See Zemsky v. City of New York,* 821 F.2d 148, 152 (2d Cir.), *cert. denied,* 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 396 (1987) (conspiracy claims dismissed because they were "so vague and unsupported by description of particular overt acts"); *McGillicuddy v. Clements,* 746 F.2d 76, 77 (1st Cir.1984) ("the relationship or nature of cooperation between the state and a private individual must be plead *in some detail* ") (emphasis in original).

Second, conspiracy claims are not actionable under section 1983 unless the conspiracy is designed to violate the plaintiffs' constitutional rights. *Farrar v. Cain,* 756 F.2d 1148 (5th Cir.1985). Here the complaint merely alleges that an agreement was reached between the Town and Summit to "commence litigation" against the plaintiffs. *Complaint* ¶¶ 46–7. Without more specific factual allegations, the agreement to "commence litigation" does not constitute a constitutional violation.[13]

Third, the complaint does not adequately allege facts that transform Summit, a private party, into a state actor. The only joint activity alleged between Summit and the Town is a meeting between attorneys from the corporation counsel's office, attorneys for Summit, and a Summit administrator. Later, the Town and Summit filed a joint complaint, but the plaintiffs were not named as parties. Thus the court finds there was no "willful participa[tion] in joint activity with the State or its agents," *Adickes,* 398 U.S. at 152, 90 S.Ct. at 1606. Accordingly, Summit's motion to dismiss Count I of the complaint is granted.

## III. PENDENT STATE CLAIMS: COUNTS II AND III

The plaintiffs' remaining claims are grounded in state law. Jurisdiction

the Corporation Counsel's office, attorneys for Summit Women's Center West, Inc. and Summit Administrator Leisa Montgomery, where a joint decision was reached to commence litigation against John M. Spear and Spear Printing Company, Inc.

13. It bears noting that Summit was not a plaintiff at the time the Town brought its suit against Spear and Spear Printing. This substantially undermines any claims of conspiracy between Summit and the Town.

over these claims is premised upon the doctrine of pendent jurisdiction. In this ruling the court dismisses the anchor claims and thus the pendent state claims must also be dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("certainly, if the federal claims are dismissed before trial ... the state claims should be dismissed as well"); *Albany Insurance Co. v. Esses*, 831 F.2d 41, 45 (2d Cir.1987) ("[s]ince the only subject matter jurisdictional basis for this lawsuit ... was properly dismissed, it was well within the discretion of the district court to dismiss the pendent state law claims"). Furthermore, absent unusual circumstances, the court would abuse its discretion were it to retain jurisdiction of the pendent state law claims on the basis of a federal question claim already disposed of pursuant to a Rule 12(b)(6) motion. *See Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir.) *cert. denied*, 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975); *Smith v. Weinstein*, 578 F.Supp. 1297, 1304 (S.D.N.Y.), *aff'd*, 738 F.2d 419 (2d Cir.1984). Accordingly, Counts II and III of the complaint are also dismissed as to all defendants.

## CONCLUSION

Thus, the complaint is dismissed. It is dismissed as to Wilder and McCue on the basis of absolute immunity. It is dismissed as to the Town on the ground that the plaintiffs fail to state a cause of action under section 1983. And it is dismissed as to Summit for the plaintiffs' failure to allege with specificity the conspiracy between Summit and the Town. Finally, the causes of action alleging violations of state law are dismissed for lack of jurisdiction.

SO ORDERED.