### John M. SPEAR and Spear Printing Company, Inc.

#### v.

### TOWN OF WEST HARTFORD, et al.

#### No. H–90–682 (AHN).

United States District Court,
D. Connecticut.

April 16, 1992.

---

J.P. Secola and V.P. McCarthy, New Milford, Conn., George Mercer, Groton, Conn., for plaintiffs.

James J. Szerejko, Halloran & Sage, David Thomas Ryan and Charles Gill, Rob-

inson & Cole, Jon L. Schoenhorn, Hartford, Conn., Scott Karsten, Sack Spector & Barrett, West Hartford, Conn., for defendants.

## RULING ON DEFENDANTS' MOTIONS FOR ATTORNEY'S FEES

NEVAS, District Judge.

This civil rights action under 42 U.S.C. § 1983 ("Section 1983") was commenced by a newspaper editor, John M. Spear ("Spear"), and its publisher, Spear Printing Company ("Spear Printing") (collectively "the plaintiffs"), against the Town of West Hartford ("the Town"), corporation counsel Marjorie S. Wilder ("Wilder"), police chief and acting town manager Robert R. McCue ("McCue") and Summit Women's Center West, Inc. ("Summit") (collectively "the defendants"). On April 17, 1991, the court dismissed the complaint in its entirety. *Spear v. Town of West Hartford*, 771 F.Supp. 521 (D.Conn.1991), *aff'd*, 954 F.2d 63 (2d Cir.1992). Now before the court are four motions for attorney's fees, all made pursuant to 42 U.S.C. § 1988 ("Section 1988"); (1) Summit's petition for attorney's fees (document # 74); (2) the Town, Wilder and McCue's motion for attorney's fees (document # 75); (3) Summit's petition for attorney's fees incurred on appeal (document # 90); and (4) the Town, Wilder and McCue's motion for attorney's fees incurred on appeal (document # 85). For the reasons that follow, the court grants both of Summit's petitions for attorney's fees and denies the remainder of the motions.

### Standard for the Award of Attorney's Fees

■ In Section 1983 actions, the court has the discretion to award attorney's fees to a prevailing defendant under Section 1988 if the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (standard for award of attorney's fees to prevailing defendant in Title VII action); *accord Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (Section 1983 action)

("[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation"). *See also Davidson v. Keenan*, 740 F.2d 129, 133 (2d Cir.1984) ("[t]he proper test for that award is whether the claim itself is clearly meritless"). Of course, the fact that a plaintiff ultimately loses his or her case is not a sufficient justification to award fees. *Hughes*, 449 U.S. at 14, 101 S.Ct. at 178.

■ Concerning fees incurred on appeal, in *Hastings v. Maine-Endwell Cent. School Dist.*, 676 F.2d 893, 896–97 (2d Cir. 1982), the Second Circuit interpreted Section 1988 "to authorize an award of fees to a party who has prevailed by means of a dismissal of the appeal as well as to one who has prevailed by affirmance." *See also Cohen v. West Haven Bd. of Police Comm'rs*, 638 F.2d 496 (2d Cir.1980). Thus, the court has the authority to award the defendant fees incurred on appeal if the plaintiff's unsuccessful appeal was "frivolous." *Davidson*, 740 F.2d at 133.

### Discussion

The court has carefully considered the arguments made by the defendants. With the three exceptions examined more closely below, the court concludes that, although lacking in merit, the plaintiffs' claims were not so unfounded or patently frivolous to justify the award of fees. The court evaluated the same arguments when it considered the defendants' motions to dismiss and found that the legal issues were reasonable but simply lacked merit. Furthermore, the appellate opinion lacks any indication that the court of appeals viewed the plaintiffs' claims as "frivolous, unreasonable or groundless." Accordingly, the court sees no reason to encourage the "second litigation" for attorney's fees warned against by the Supreme Court, *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941–42, 76 L.Ed.2d 40 (1983); *see also Smiley v. Sincoff*, 958 F.2d 498, 501 (2d Cir.1992) (Timbers, J.), and concludes that the plaintiffs' claims were not frivolous, unreasonable or groundless.

## A. *Malicious Prosecution*

 Three of the defendants' arguments merit discussion. First, the Town contends that the plaintiffs' malicious prosecution claim was groundless and without merit because it is "patently obvious that malicious prosecution only applie[s] to criminal actions." (Mem.Supp.Mot.Attorneys' Fees at 5). In the court's opinion dismissing the complaint, the court observed that the plaintiffs "confuse[d] two distinct causes of action": malicious prosecution relates only to criminal actions while a claim for malicious abuse of process concerns civil actions. *Spear*, 771 F.Supp. at 528 (*citing* 54 *Corpus Juris Secundum*, Malicious Prosecution § 3 at 524).[1] Thus, the plaintiffs' claim was more appropriately one for malicious abuse of process, since they were subject to civil liability by the suit initiated by the defendants.

In *White v. Frank*, 855 F.2d 956, 961 n. 5 (2d Cir.1988), the Second Circuit held that liability under Section 1983 may be predicated on a claim for malicious prosecution. However, this action presented the "first impression" issue in this circuit of whether liability under Section 1983 may be predicated on a claim for malicious abuse of process. *Cf. Coogan v. City of Wixom*, 820 F.2d 170, 174–75 (6th Cir.1987); *Havas v. Thornton*, 609 F.2d 372, 376 (9th Cir. 1979). Here, the Second Circuit announced new law for this circuit and held that Section 1983 liability "may not be predicated on a claim for malicious abuse of process." *Spear*, 954 F.2d at 68. Under these circumstances, it hardly can be "patently obvious" that plaintiffs' claim was without merit.

## B. *Absolute Immunity*

 Second, Wilder and McCue contend that it "has been long well-established in the law that government officials are absolutely immune from suit in regard to their initiation of legal proceedings." (Mem.Supp.Mot.Attorneys' Fees at 3–4). The court disagrees with this broad charac-

terization of the law. While it is clear that the doctrine of absolute immunity protects government officials from personal liability for the performance of certain discretionary acts, *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S.Ct. 2727, 2332, 73 L.Ed.2d 396 (1982), executive officers initiating administrative proceedings, *Butz v. Economou*, 438 U.S. 478, 515–17, 98 S.Ct. 2894, 2915–16, 57 L.Ed.2d 895 (1978), and government attorneys who defend civil suits, *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir.1986), it has not been "long well-established" in this circuit that government attorneys who initiate civil actions are protected by the doctrine.

In *Spear*, the court cited three cases in support of the proposition that absolute immunity has been afforded to municipal attorneys who initiate civil actions. *Spear*, 771 F.Supp. at 526. In *Martin Hodas, East Coast Cinematics v. Lindsay*, 431 F.Supp. 637, 642–43 (S.D.N.Y.1977), the court held that, in a Section 1983 action, absolute immunity was extended to city corporation counsel who initiated civil proceedings against the plaintiff based on zoning and municipal codes. In *Augustyniak v. Koch*, 588 F.Supp. 793, 797–98 (S.D.N.Y.), *aff'd mem.*, 794 F.2d 676 (2d Cir.1984), *cert. denied*, 474 U.S. 840, 106 S.Ct. 123, 88 L.Ed.2d 101 (1985), the court held that city attorneys were absolutely immune from liability under Section 1983 arising from their initiation of civil proceedings to enforce a municipal housing code. Finally, in *O'Sullivan v. Saperston*, 587 F.Supp. 1041, 1043 (S.D.N.Y.1984), the court held that corporation counsel was absolutely immune from Section 1983 liability arising from his initiation of a civil proceeding to enforce a judgment for child support. Thus, three district courts in this circuit have held that municipal attorneys who initiate civil proceedings to enforce housing and zoning ordinances and child support judgments are shielded from liability under Section 1983.

---

1. The court devoted considerable research seeking pertinent case law delineating this distinc- tion. It found none.

■ While the court must follow circuit precedent regardless of its own views concerning the advantages of precedent in sister circuits, *Ithaca College v. N.L.R.B.*, 623 F.2d 224, 228–29 (2d Cir.), *cert. denied*, 449 U.S. 975, 101 S.Ct. 386, 66 L.Ed.2d 237 (1980), decisions of other district judges within the district and, more broadly, the circuit are not binding or authoritative, although such decisions do have persuasive effect. *See e.g., Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 875 (7th Cir.1987); *Jackson v. Johns*, 714 F.Supp. 1126, 1129 (D.Colo.1989).[2] In addition, no authoritative or precedential conclusion can be drawn from a denial of certiorari by the Supreme Court. *See United States v. Shubert*, 348 U.S. 222, 75 S.Ct. 277, 99 L.Ed. 279 (1955); *Flood v. Kuhn*, 443 F.2d 264, 268 n. 2 (2d Cir.1971), *aff'd*, 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972). Finally, in the Second Circuit, summary orders "do not constitute formal opinions of the court ... and shall not be cited or otherwise used in unrelated cases before this or any other court." 2nd Cir.R. § 0.23. Thus, summary orders cannot be cited as precedent.[3] *Accord Bologna v. NMU Pension Trust of NMU Pension & Welfare Plan*, 654 F.Supp. 637, 641 (S.D.N.Y.1987).

■ Prior to *Spear*, the Second Circuit never had addressed the issue of whether municipal attorneys who initiate civil actions are absolutely immune from liability under Section 1983. Thus it has not "been long well-established" in this circuit that municipal attorneys enjoy absolute immunity from Section 1983 liability for their initiation of civil lawsuits. Accordingly, the court cannot conclude that the plaintiffs' claim against Wilder was meritless. As the Supreme Court noted in *Hughes*, "[E]ven if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit." *Hughes*, 449 U.S. at 15, 101 S.Ct. at 179.

### C. Conspiracy Between Private Party and Government Actors

■ The court, however, finds merit in the argument advanced by Summit in support of its petition for attorneys' fees. Summit contends that the plaintiffs' claim against it was groundless. Specifically, the plaintiffs alleged that Summit conspired with the Town to violate their constitutional rights. In its ruling on the defendants' motions to dismiss, the court closely examined paragraphs forty-six and forty-seven of the complaint and concluded that (1) the allegations were "conclusory and too vague to support a claim of conspiracy between a private party and a government actor for purposes of the 'action under the color of law'" requirement of Section 1983; (2) the allegations failed because they did not allege that the conspiracy was "designed to violate the plaintiffs' constitutional rights"; and (3) the complaint did "not adequately allege facts that transformed Summit, a private party, into a state actor." *Spear*, 771 F.Supp. at 529. The court of appeals agreed, noting:

> The only joint conduct alleged in the present case was a meeting between attorneys for West Hartford and for Summit. When the town and Summit later filed a joint complaint, Spear was not named as a defendant. Summit, in sum, did not act under color of law.

*Spear*, 954 F.2d at 68.

Thus, both this court and the court of appeals held that the plaintiffs relied on conclusory and vague allegations in their complaint to substantiate an action against Summit. This unsubstantiated reliance

---

**2.** As the Third Circuit noted in *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir.1991), the doctrine of *stare decisis* does not compel one district judge to follow the decision of another in the same district and, consequently, there is no such thing as "the law of the district." Instead, opinions of other district judges are entitled to "whatever weight their intrinsic reasoning warrants." *Johnson v.* *Town of Trail Creek*, 771 F.Supp. 271, 274 (N.D.Ind.1991).

**3.** These last two points are particularly relevant to the district court's decision in *Augustyniak*, which was affirmed by a summary order, *Augustyniak*, 794 F.2d 676. The Supreme Court declined to review the matter. *Augustyniak*, 474 U.S. 840, 106 S.Ct. 123, 88 L.Ed.2d 101.

demonstrates that the plaintiffs' claims were without foundation as against Summit. Furthermore, it is beyond reasonable contention that a private defendant may be held liable under Section 1983 only as "a willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (1970). The plaintiffs failed to make specific allegations of joint activity and instead alleged a conspiracy "vague and unsupported by description of particular overt acts." *Zemsky v. City of New York*, 821 F.2d 148, 152 (2d Cir.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 396 (1987). Accordingly, the plaintiffs did not have a reasonable ground for bringing suit against Summit, since neither the law nor the facts were "somewhat questionable or unfavorable at the outset of litigation." *Hughes*, 449 U.S. at 15, 101 S.Ct. at 179.

### Calculation of Fee Award

In *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543–44, 79 L.Ed.2d 891 (1984), the Supreme Court observed that, under Section 1988, the starting point for calculating a reasonable attorney's fee is to "multiply[ ] the number of hours reasonably expended on the litigation times a reasonable hourly rate." *See also Cowan v. Prudential Ins. Co. of America*, 935 F.2d 522, 524 (2d Cir.1991).

Concerning the attorney's fees incurred in defending this action, Summit requests an award of $2,437.50, which represents 13.65 hours of work for attorney Jon L. Schoenhorn. For attorney's fees incurred on appeal, Mr. Schoenhorn requests $7,425.50 for the 50.4 hours of work he performed and $3,600 for the 36.0 hours performed by his associate, attorney Donna J. Burpee. Therefore, Summit seeks $13,-463.00 in attorney's fees.[4]

The plaintiffs have not challenged the reasonableness of counsel for Summit's fees.

The court finds the rates charged to Summit by Mr. Schoenhorn ($150.00 per hour) and Ms. Burpee ($100.00 per hour) to be fair and reasonable hourly rates in light of their skill, experience and the prevailing rates of professional services rendered in the community. In addition, the court has closely examined the affidavits submitted to the court by Mr. Schoenhorn and Ms. Burpee. The affidavits provided the court with a breakdown of the hours spent in this action. The court finds the number of hours spent on the defense and appeal of this lawsuit is reasonable.

### Conclusion

For the foregoing reasons, the court: (1) GRANTS Summit's petition for attorney's fees (document # 74) to the extent noted below; (2) DENIES the Town, Wilder and McCue's motion for attorney's fees (document # 75); (3) GRANTS Summit's petition for attorney's fees incurred on appeal (document # 90) to the extent noted below; and (4) DENIES the Town, Wilder and McCue's motion for attorney's fees incurred on appeal (document # 85).

The court notes that Section 1988 "contemplates fee shifting between parties and makes no provision for imposing upon plaintiff's counsel the burden of fees awarded to a prevailing defendant." *Eastway Const. Corp. v. City of New York*, 821 F.2d 121, 123–24 (2d Cir.1987), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1988). Accordingly, the court orders the plaintiffs, jointly and severally, to reimburse Summit in the amount of $13,463.00.

SO ORDERED.

---

4. The court notes that Summit seeks an award of fees for time spent in connection with the fee application. Under *Gagne v. Maher*, 594 F.2d 336, 343–44 (2d Cir.1979), the award of such fees is proper.