UNITED STATES of America

v.

Richard MORALES.

Cr. No. 3:94CR112 (AHN).

United States District Court,
D. Connecticut.

March 21, 1995.

**770**

Theodore Heinrich, Joseph Martini, Office of the U.S. Atty., Bridgeport, CT for plaintiff.

James J. Ruane, Gaston & Ruane, Bridgeport, CT for defendant.

### RULING ON MOTION TO DISMISS COUNT 24 OF THE SUPERSEDING INDICTMENT

NEVAS, District Judge.

Defendant Richard Morales ("Morales") is charged in a thirty-eight count indictment with violating 18 U.S.C. § 1962(c) (1988) (one count; racketeering), 18 U.S.C. § 1962(d) (one count; racketeering conspiracy), 18 U.S.C. § 1959 (eight counts; violent crimes in aid of racketeering) ("VICAR") and 21 U.S.C. § 846 (one count; drug conspiracy). Currently before the court is Morales's Motion to Dismiss Count 24 or in the Alternative to Strike Alleged Overt Act [hereinafter "Motion to Dismiss"].

For the reasons that follow, Morales's Motion to Dismiss [doc. # 310] is DENIED in its entirety.

### DISCUSSION

In Count 24 of the superseding indictment, the Government alleges that Morales conspired to commit murder in violation of Conn.Gen.Stat.Ann. §§ 53a–48 and 53a–54a (West 1994) and thus violated 18 U.S.C. § 1959(a)(5). One of the overt acts that the Government has alleged that Morales committed in furtherance of that conspiracy is a telephone conversation between Morales and another individual concerning the murders of two individuals and the ensuing police investigation of those murders.

■ Morales argues that the Government has based its VICAR prosecution on a state offense and thus must satisfy state pleading and evidentiary rules for that offense. He argues that, under Connecticut law, a conspiracy to commit murder terminates when the object of the conspiracy—the murder—is completed. Consequently, according to Morales, the overt act alleged in Count 24—that Morales discussed the murders several hours after they occurred—must be stricken from the superseding indictment because Morales's conduct after the conspiracy terminated is inadmissible under Connecticut law as an overt act in furtherance of a conspiracy.[1] Morales further asserts that, if the overt act is stricken, Count 24 must be dismissed because that overt act is the only basis by which he is alleged to have been liable for the offense charged.

While recognizing that state pleading, procedural, and evidentiary rules are not incorporated into section 1961 prosecutions under RICO, *see, e.g., United States v. Paone*, 782 F.2d 386, 393–94 (2d Cir.), *cert. denied sub nom.*, 479 U.S. 882, 107 S.Ct. 269, 93 L.Ed.2d 246 (1986), Morales contends that section 1959 is different and should be read to incorporate the state-law rules underlying the conspiracy to murder offense. The court disagrees.

■ Section 1959 complements section 1961.[2] *See United States v. Concepcion*, 983 F.2d 369, 380–81 (2d Cir.1992), *cert. denied sub nom.*, —— U.S. ——, 114 S.Ct. 163, 126 L.Ed.2d 124 (1993). Indeed, section 1959 expressly adopts section 1961's definitions. It uses the term "racketeering activity" as

---

**1.** For the purposes of this ruling, the court assumes that Morales correctly states Connecticut law.

**2.** While § 1961 allows the Government to prosecute conduct that constitutes a pattern of racketeering activity in connection with an enterprise, § 1959 allows the Government to prosecute violent crimes intended to permit a defendant to gain admission to, maintain, or increase his position in a RICO enterprise. *See Concepcion*, 983 F.2d at 380–81.

that term is defined in section 1961, *see* 18 U.S.C. § 1959(b)(1), and a section 1959 "enterprise" is the same as a section 1961 "enterprise."[3] Further, like section 1961, section 1959 should be construed liberally to effectuate its remedial purpose. *Cf. Concepcion*, 983 F.2d at 381. Accordingly, the court will look to the relevant section 1961 case law in construing section 1959.

█ Section 1961 does not incorporate substantive state law into the RICO statute, but instead generically defines the wrongful conduct that constitutes a predicate offense under the statute. *See, e.g., United States v. Coonan*, 938 F.2d 1553, 1563–65 (2d Cir. 1991), *cert. denied sub nom.*, 503 U.S. 941, 112 S.Ct. 1486, 117 L.Ed.2d 628 (1992); *United States v. Friedman*, 854 F.2d 535, 565 (2d Cir.1988), *cert. denied*, 490 U.S. 1004, 109 S.Ct. 1637, 104 L.Ed.2d 153 (1989); *Paone*, 782 F.2d at 394; *United States v. Licavoli*, 725 F.2d 1040, 1047 (6th Cir.), *cert. denied sub nom.*, 467 U.S. 1252, 104 S.Ct. 3535, 82 L.Ed.2d 840 (1984); *United States v. Frumento*, 563 F.2d 1083, 1087 & n. 8A (3d Cir.1977), *cert. denied sub nom.*, 434 U.S. 1072, 98 S.Ct. 1256, 1256, 55 L.Ed.2d 776 (1978). A defendant thus may not defend a RICO prosecution based on the Government's alleged failure to adhere to the particular elements of state law that a defendant could invoke in a state prosecution. Similarly, the reference to state law in section 1959 defines the wrongful conduct constituting a VICAR violation and is not meant to incorporate the substantive requirements of state law. *See United States v. Wei*, 862 F.Supp. 1129, 1138 (S.D.N.Y.1994); *United States v. Cutolo*, 861 F.Supp. 1142, 1146–47 (E.D.N.Y. 1994).

In *Wei* and *Cutolo*, the district courts held that the substantive rules of state law are not incorporated into a VICAR prosecution based on violations of state criminal law. While the defendants in those cases argued that their VICAR indictments were defective for a different reason than the one that Morales offers,[4] both *Wei* and *Cutolo* analyzed, albeit briefly, whether section 1959 incorporates state law rules in terms of section 1961 case law. *See Wei*, 862 F.Supp. at 1138; *Cutolo*, 861 F.Supp. at 1147.

Morales relies on *United States v. Boyd*, 792 F.Supp. 1083, 1105 (N.D.Ill.1992) to support his argument. In *Boyd*, the district court found that the Government's pleading of a conspiracy to murder in a section 1959 prosecution satisfied Illinois law by alleging an agreement to conspire to commit a crime. *See id.* The *Boyd* court, however, failed to analyze whether section 1959 incorporates state substantive law. Rather, it adopted without discussion the defendant's argument that Illinois law required that the Government allege an agreement to conspire to commit a crime and then found that the Government adequately had phrased its indictment. *See id.*

█ While a decision of another district judge may be treated as persuasive, it is not binding authority on this court. *See, e.g., Spear v. Town of West Hartford*, 789 F.Supp. 80, 84 (D.Conn.1992) (citation omitted). Although *Boyd* implicitly supports Morales's argument, the *Boyd* court failed to analyze whether section 1959 incorporates state substantive law and failed to support its conclusion that section 1959 should be read in such a manner. Consequently, the court finds that *Boyd* is not persuasive and thus declines to follow it.

Conversely, the court finds that the holdings of *Wei*, 862 F.Supp. at 1138, and *Cutolo*, 861 F.Supp. at 1146–47, are persuasive.

---

**3.** The slight differences in wording between a § 1959 and a § 1961 "enterprise" are insignificant. Unlike § 1961, § 1959 includes a commerce requirement in the definition of "enterprise." In § 1961, the commerce requirement appears in each of the sections stating substantive prohibitions of activities with respect to enterprises, not in the definition of "enterprise" itself. *Compare* 18 U.S.C. § 1959(b)(2) *with* 18 U.S.C. §§ 1961(4), 1962(a)–(c).

**4.** The *Wei* and *Cutolo* defendants asserted that § 1959 was an " 'adjunct' " to 18 U.S.C. § 1952 (interstate transportation in aid of racketeering), which has been held to incorporate the substantive requirements of state law. *See Wei*, 862 F.Supp. at 1138; *Cutolo*, 861 F.Supp. at 1146. Consequently, according to the *Wei* and *Cutolo* defendants, section 1959 also should be read to incorporate the substantive requirements of state law. *See Wei*, 862 F.Supp. at 1138; *Cutolo*, 861 F.Supp. at 1146.

Moreover, while the Second Circuit has not addressed this issue directly, it has affirmed judgments of conviction under section 1959 even though a district court has declined to read substantive state law into a section 1959 prosecution. *See, e.g., United States v. Amuso,* 21 F.3d 1251 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 326, 130 L.Ed.2d 286 (1994). The court thus holds that section 1959 does not incorporate the pleading, procedural and evidentiary rules of Connecticut criminal conspiracy law.

Given the court's holding, Morales's motion to dismiss must be denied because the motion is based on state law pleading and evidentiary rules that are not incorporated into a section 1959 prosecution.

## CONCLUSION

Based on the foregoing, the defendant's Motion to Dismiss [doc. # 310] is DENIED in its entirety.

SO ORDERED.