**Sukra SHRESTHA, Plaintiff,**

v.

**STATE CREDIT ADJUSTMENT BUREAU, INC., Defendant.**

**No. Civ. 3:99CV565 (PCD).**

United States District Court,
D. Connecticut.

Aug. 21, 2000.

Joanne S. Faulkner, Kennedy & Faulkner, New Haven, CT, for Sukra Shrestha, plaintiff.

Laurence P. Nadel, New Haven, CT, for State Credit Adjustment Bureau, Inc., defendant.

### RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, Senior District Judge.

Plaintiff sues under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Connecticut Creditor Collection Practices Act, Conn. Gen.Stat. § 36a–645; the Consumer Collection Agency Act, Conn.Gen.Stat. § 36a–800; and the Unfair Trade Practices Act, Conn.Gen.Stat. § 42–110a. Both parties move for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiff's motion for summary judgment is **denied.** Defendant's motion for summary judgment is **granted.**

## I. BACKGROUND

Plaintiff received medical services from Anesthesia Associates of New Haven, P.C. ("Anesthesia") in connection with a cardiac procedure. When the bill remained unpaid, Anesthesia referred plaintiff's debt to defendant, a debt collection firm. Defendant sent plaintiff a form collection letter, to which plaintiff responded. Plaintiff's letter explained his current financial situation and inability to pay the debt.

When defendant's efforts to obtain payment bore no better results, the matter was referred to Attorney Laurence Nadel. Attorney Nadel brought an action against plaintiff on behalf of Anesthesia. Plaintiff sent a letter to Attorney Nadel requesting that he take no further action against him. Unsuccessful, plaintiff filed an appearance on his own behalf. The court entered judgment in favor of Anesthesia, in the sum of $4,125.00 plus costs, and plaintiff was ordered to pay the sum of $25.00 weekly.

Plaintiff did not comply with the weekly order. Attorney Nadel obtained a bank execution that was served by the sheriff on the New Haven Savings Bank ("Bank"). Pursuant to Connecticut law, the Bank forwarded an exemption form to plaintiff. Plaintiff completed the exemption form and stated that the funds were exempt because he could afford to pay only $25.00 per month. Thereafter, Attorney Joanne Faulkner sent a letter to Attorney Nadel stating that plaintiff's bank funds were exempt from execution and should be returned. A copy of the letter was forwarded to Anesthesia. On the following day, the sheriff's office released the execution, and the funds were made available to plaintiff.

An exemption hearing was held to determine the validity of plaintiff's claim. Plaintiff appeared pro se and informed the court that he was not represented by Attorney Faulkner in that matter. Approximately a month after the hearing, defendant telephoned plaintiff because he had discontinued payments on the judgment.

No other communication between defendant and plaintiff was made after that date.

Soon thereafter, plaintiff commenced this lawsuit. Plaintiff claims that defendant violated the FDCPA in one of four ways. First, defendant took and did not immediately return exempt funds. Second, defendant continued its efforts to collect plaintiff's debt after receiving (1) two letters asking defendant to stop further activities and (2) notice that plaintiff was represented by an attorney. Third, defendant's name is deceptive. Fourth, defendant engaged in the unauthorized practice of law. Plaintiff claims that these violations of the FDCPA also constitute violations of Connecticut's Creditor Collection Practices Act, its Consumer Collection Agency Act, and its Unfair Trade Practices Act.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is warranted if there is "no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). By the rule's own terms, the party opposing summary judgment must allege a factual dispute that both pertains to a material fact and is genuine. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law determines which facts are material. *See id.* at 248, 106 S.Ct. 2505. Generally, they are those "facts that might affect the outcome of the suit under the governing law.... Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* This inquiry is separate from the factual dispute inquiry. *See id.* A party opposing summary judgment must meet both criteria.

In determining whether a genuine dispute exists, it is crucial not "to weigh the evidence and determine the truth of the matter but to determine whether there is a

genuine issue for trial." *Id.* at 249, 106 S.Ct. 2505; *see also Danzer v. Norden Systems, Inc.,* 151 F.3d 50, 54 (2d Cir. 1998) ("[S]ummary judgment may not be granted simply because the court believes that the plaintiff will be unable to meet his or her burden of persuasion at trial."). Furthermore, all reasonable inferences must be drawn in favor of the nonmoving party. *See Johnson v. NCB Collection Services,* 799 F.Supp. 1298, 1302 (D.Conn. 1992). An issue for trial exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. Evidence which is "merely colorable, or is not significantly probative" will not prevent a finding of summary judgment. *Sekor v. Capwell,* 1 F.Supp.2d 140, 144 (D.Conn.1998). The nonmoving party must present more than conclusory allegations to defeat a motion for summary judgment. *See Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir.1997).

### B. Taking Exempt Funds

■ Plaintiff claims that defendant violated the FDCPA by attempting to take and keep his exempt funds, i.e., a bank account owned by plaintiff. That property was made unavailable after service of a bank execution by the sheriff. Plaintiff asserts that defendant knew the bank account contained exempt funds because it knew of plaintiff's "dire financial straits." Also, he claims defendant intended to take and keep the exempt funds, knowing that plaintiff was not aware of his exemption rights. Plaintiff charges defendant with "false, deceptive, or misleading representation or means in connection with the collection of a debt." 15 U.S.C. § 1692e.

Plaintiff's-argument rests on the presumption that exemptions are self-executing. Defendant argues that they are not. Defendant contends that the exemption claimed by plaintiff was a "wildcard" exemption. *See* Conn.Gen.Stat. § 52–352b(r). Wildcard exemptions allow the debtor to specify the property to which he wishes the exemption to apply. Connecticut does not offer a particular exemption for cash or bank accounts, but does provide a wildcard exemption which allows a debtor to elect $1,000.00 of *any* property. *See id.* Defendant argues that wildcard exemptions cannot be self-executing, because no one can know to which personal property it attaches until informed by the debtor.

Thus, the issue is whether an exemption must be claimed in Connecticut by its owner. Property is not automatically exempted; it *may* be exempted provided the debtor follows proper procedure. Connecticut provides a simple procedure for judgment debtors to claim exemptions when their bank accounts are seized. *See* Conn.Gen.Stat. § 52–367b. When a bank receives an execution on an account, the bank is required to forward the execution and a simple exemption form to the account owner. *See id.* The debtor must give notice of a claim of exemption by returning the completed form to the bank within 15 days. *See id.* Upon receipt of such notice, the bank forwards the claim to the clerk of the court, who schedules a hearing on the matter. *See id.* This procedure for claiming exemptions is contrary to the assertion that exemptions are self-executing. Accordingly, debtors are required to follow the statutory requirements to claim exemptions.

Defendant did not violate the FDCPA by attempting to take and keep plaintiff's exempt funds. Since exemptions are not self-executing, defendant had no reason to know that plaintiff's bank account contained exempt funds. Defendant is not required to rely on a debtor's assertion of his financial status, but rather is entitled to a hearing. Defendant did not know what property was exempt until plaintiff followed the statutory procedures to claim it. Once the exemption was properly claimed, the execution was released in a timely manner. Therefore, defendant did not use any false representation or decep-

tive means to collect plaintiff's debt. Plaintiff's motion for summary judgment is denied as to this claim. Defendant's motion for summary judgment is granted.

### C. Failing to Cease Communications

Plaintiff claims that defendant violated the FDCPA when it telephoned him after receiving 1) notice that plaintiff was represented by an attorney and 2) two letters asking defendant to stop further activities. Defendant argues that it did not know plaintiff was represented by an attorney, and that it contacted plaintiff in response to his request.

█ To prevail on his first claim, plaintiff must demonstrate that he was represented by an attorney "with respect to the debt" and that defendant knew that he was so represented. 15 U.S.C. § 1692c(a)(2). Plaintiff claims that defendant received notice that plaintiff was represented by Attorney Faulkner when she sent a letter to Attorney Nadel requesting the return of his bank funds. However, defendant contends that the letter did not state that Attorney Faulkner was representing plaintiff with respect to the debt and seemed interested only in the return of the funds. Most important, Attorney Faulkner did not file an appearance on behalf of plaintiff at his exemption hearing. Rather, plaintiff appeared pro se and told the court he was representing himself. For the foregoing reasons, plaintiff cannot demonstrate that he communicated Attorney Faulkner's representation of him with respect to his debt to Anesthesia, nor that defendant knew or should have known that he was so represented.

█ Plaintiff further claims that defendant continued its efforts to collect his debt despite two "cease and desist" letters. "If a consumer notifies a debt collector in writing ... that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt...."

15 U.S.C. § 1692c(c). Plaintiff's letters do not request defendant to cease further communication. The letters ask that *no action* be taken against him and contrary to plaintiff's claims, requests that defendant **do** contact him. On June 8, 1998 plaintiff wrote "I would be ever grateful to you, if you please do not take any action against me. *I would appreciate, if you please write me with your advice or give me a call.*" (Emphasis added.) Thus, defendant was not asked to cease and desist communications, but was invited to make them. Plaintiff's motion for summary judgment is denied as to this claim. Defendant's motion for summary judgment is granted.

### D. Deceptive Name

█ Plaintiff claims that defendant's name, "State Credit Adjustment Bureau," is deceptive or misleading because of the implication that it is 1) a state agency; 2) a debt adjuster; 3) a credit adjuster; 4) a credit bureau; and/or 5) a credit rating agency. *See* 15 U.S.C. §§ 1692e(10), (16). Defendant concedes that it is none of the above, but maintains that its name does not violate the FDCPA.

Under the FDCPA, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt" is prohibited. 15 U.S.C. § 1692e(10). The FDCPA also forbids "[t]he false representation or implication that a debt collector operates or is employed by a consumer reporting agency." 15 U.S.C. § 1692e(16). In order to determine whether a collection letter violates § 1692e, an objective standard based on the "least sophisticated consumer" must be applied. *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993). If the notice is presented in such a way as to make the least sophisticated consumer confused as to his rights, then the FDCPA is violated. *See Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir.1996).

Defendant's name is not in violation of the FDCPA. Defendant was incorporated under its present name, "State Credit Ad-

justment Bureau," in 1964, thirteen years prior to the enactment of the FDCPA and has conducted business under that name for over thirty six years. Defendant asserts, and plaintiff does not contradict, that Judge Eginton rejected a claim that its name violated the FDCPA in *Greer v. State Credit Adjustment Bureau*, Civ. No. N–88–374 (WWE). Although that ruling is not binding on the instant plaintiff, to rule inconsistently on this issue would prejudice defendant. Moreover, while defendant's name may at first confuse a consumer as to defendant's line of business, the large text at the bottom of its letters is sufficient to remove any uncertainty as it makes clear that debt collection is defendant's business: "This communication is from a debt collector.... We are not a credit reporting agency." Under these circumstances, an unsophisticated consumer would not be misled by the name of defendant. There is no assertion that the instant plaintiff was misled. Accordingly, plaintiff's motion for summary judgment is denied as to this claim. Defendant's motion for summary judgment is granted.

### E. Unauthorized Practice of Law

■ Plaintiff claims that defendant engaged in the unauthorized practice of law. Plaintiff alleges that defendant not only recommended that its creditor client bring a lawsuit against plaintiff, but directed and controlled the suit as well, in violation of 15 U.S.C. §§ 1692e(2)(A), (3), (5) or (10). Defendant contends that it did not decide on, manage, or participate in the litigation brought by Anesthesia against plaintiff. Although defendant presents affidavits in support of this contention, plaintiff adduces no affidavits or other evidence that defendant committed any act which constitutes the practice of law. As plaintiff cannot rest on the pleadings, *see Anderson*, 477 U.S. at 256, 106 S.Ct. 2505, there is no genuine issue of material fact with respect to defendant's role in the Anesthesia litigation. Plaintiff's motion for summary judg-

ment is denied. Defendant's motion for summary judgment is granted.[1]

### III. CONCLUSION

Accordingly, Plaintiff's motion for partial summary judgment [Doc. No. 51] is DENIED. Defendant's motion for summary judgment [Doc. No. 55] is GRANTED. The clerk shall close the file.

SO ORDERED.

1. Plaintiff has not briefed anything to support Count Two. It is therefore deemed waived.