**Sharon L. WETHERELT, Plaintiff,**

v.

**LARSEN LAW FIRM, PLLC.,
Defendant.**

**No. CV 08–46–M–DWM.**

United States District Court,
D. Montana,
Missoula Division.

Aug. 18, 2008.

## ORDER

DONALD W. MOLLOY, District Judge.

### I. Introduction

Plaintiff, Sharon Wetherelt, brought suit against Defendant, Larsen Law Firm, pursuant to the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. § 1692 et seq., after Defendant levied a writ of execution against Wetherelt's bank account to collect a debt. Wetherelt claims Defendant's action was unfair or unconscionable in violation of 15 U.S.C. § 1692f because Defendant knew the account contained only Social Security payments, which are exempt from execution. Defendant moves to dismiss the Complaint for failure to state a claim, upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, Defendant's motion is granted.

### II. Factual Background

Capital One filed a complaint against Wetherelt in justice court in Kalispell, Montana to recover unpaid credit card debt. Wetherelt represented herself in the action and filed an answer, stating: "I, Sharon Wetherelt, in response to the Summons I received am unable to pay my debt due to my husbands' [ ] severe medical problems (bills) and my only source of income is my Social Security." The justice court entered judgment against Wetherelt and in favor of Capital One in the amount of $3,304.85. The justice court also issued a writ of execution directing the Sheriff of Flathead County to execute Wetherelt's property to satisfy the judgment. The Sheriff served a copy of the writ on Glacier Bank in Kalispell where Wetherelt had a bank account. Wetherelt subsequently filed a claim of exemption, stating the funds in the account were all derived from Social Security payments.[1] In response,

Mies W. Faerber, Faerber Law Offices, Kalispell, MT, for Plaintiff.

Dirk H. Larsen, Larsen Law Firm, Great Falls, MT, for Defendant.

---

1. Social Security payments are exempt from execution under both federal law and Montana state law. 42 U.S.C. § 407(a); Mont. Code Ann. § 25–13–608(1)(b).

Defendant released the execution. Two-and-a-half weeks passed between the time of the execution and the release during which Wetherelt was without the funds in the bank account. Wetherelt was also charged a $50.00 levy fee.

Wetherelt brought suit against Defendant, who was retained by Capital One to collect the judgment funds from Wetherelt. Wetherelt alleges Defendant knew her bank account contained only exempt Social Security payments based on her answer to the justice court complaint. Wetherelt maintains Defendant's efforts to collect the debt despite this knowledge were unfair or unconscionable in violation of 15 U.S.C. § 1692f.

### III. Standard of Review

"To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must allege enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In assessing whether the plaintiff has met this burden, the court may only consider allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.[2] *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1096 (9th Cir.2008). The court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the plaintiff. *Id.*

### IV. Analysis

■ The Fair Debt Collection Practices Act prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f. The Act contains a non-exclusive list of conduct that is unfair or unconscionable, including the "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if the property is exempt by law from such dispossession or disablement." *Id.* Defendant contends Wetherelt's Complaint fails to state a claim because Defendant's conduct is not expressly prohibited by the Act and is not otherwise unfair or unconscionable. According to Defendant, it used means available to it under Montana state law to collect Wetherelt's debt and use of lawful means cannot be unfair or unconscionable. Defendant relies on *Shrestha v. State Credit Adjustment Bureau, Inc.*, 117 F.Supp.2d 142 (D.Conn.2000), in support of its position.

The debt collector in *Shrestha* sent the plaintiff a form collection letter to collect unpaid medical bills. *Id.* at 144. In response, the plaintiff wrote a letter indicating he was unable to pay the debt because of his financial situation. *Id.* The debt collector brought suit against the plaintiff, and the court entered judgment in favor of the debt collector. *Id.* When the plaintiff failed to comply with the payment schedule established by the court, the debt collector obtained and served a bank execution. *Id.* The bank forwarded the plaintiff an exemption form, which the plaintiff completed. *Id.* On the form, the plaintiff

---

**2.** Wetherelt complains that Defendant's motion to dismiss relies on information outside the pleadings. She urges the Court to permit her to submit additional supporting material if the Court intends to rely on the extraneous material. *See* Fed.R.Civ.P. 12(d). Defendant's motion does not rely on any of the traditional materials used to support a motion for summary judgment, i.e., affidavits, deposi-

tions, answers to interrogatories, and admissions. It does rely on a Judgment and Writ of Execution issued by the justice court in Kalispell. The Court, however, may consider these materials without converting Defendant's motion to dismiss into a motion for summary judgment. *See Intri–Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir.2007).

indicated the bank account funds were exempt because he could not afford the payments. *Id.* The plaintiff subsequently retained an attorney who notified the debt collector that the plaintiff's bank funds were exempt from execution. *Id.* The next day, the execution was released and the plaintiff's bank funds were made available to him. *Id.*

The plaintiff brought suit under the Act, alleging the debt collector used false, deceptive, or misleading representations or means to collect a debt. Specifically, the plaintiff challenged the debt collector's attempt to acquire funds it knew were exempt because of the plaintiff's dire financial condition. *Id.* The district court granted summary judgment to the debt collector. *Id.* at 143. It noted, under Connecticut law, exemptions are not self-executing; rather, a debtor must follow the procedure required by law to claim an exemption. *Id.* at 145. The court determined, until the plaintiff followed the procedure, the debt collector had no reason to know the bank account contained exempt funds. *Id.* According to the court, the debt collector was not required to rely on the plaintiff's assertion regarding his financial status, but rather was entitled to a hearing. *Id.* The court also observed that once the exemption was properly claimed, the execution was released. *Id.*

Defendant urges the Court to adopt the reasoning of *Shrestha.* Defendant notes Montana law, like Connecticut law, requires the sheriff to serve a debtor with notification of the procedure for claiming exemptions after executing property of the debtor. Mont.Code Ann. § 25–13–211(1). The debtor may then request a hearing by filing a claim for exemption from the execution. *Id.* § 25–13–212(1). Defendant argues it was entitled to require Wetherelt to follow this procedure instead of merely relying on her unsubstantiated assertion that her only source of income was Social Security.

Wetherelt responds to Defendant's motion by citing a decision by another district court that reached the opposite result from the court in *Shrestha. See Hogue v. Palisades Collection, LLC,* 494 F.Supp.2d 1043 (S.D.Iowa 2007). Wetherelt argues this case supports her assertion that Defendant's execution of her bank account when it knew the only funds in the account were from Social Security payments was unfair or unconscionable.[3]

The plaintiff in *Hogue* owed in excess of $8,000 to a credit card company. *Id.* at 1045. The credit card company retained a debt collector who brought suit against the plaintiff to recover the debt. *Id.* The plaintiff's attorney sent the debt collector a letter informing it the plaintiff's income was exempt from collections. *Id.* Attached to the letter was a sworn affidavit from the plaintiff indicating her sole source of income, and the only funds deposited in her bank account, were from Social Security payments. *Id.* at 1045–46. A default judgment was subsequently entered against the plaintiff, and the debt collector initiated garnishment proceedings on the plaintiff's bank account. *Id.* at 1046. The plaintiff's attorney sent the debt collector a second letter attaching bank statements to confirm the plaintiff's only source of income was Social Security. *Id.* The debt collector then released the garnishment. *Id.* The plaintiff brought suit, arguing the debt collector's garnishment of her bank account despite knowledge that it con-

---

**3.** Wetherelt also relies on *Jordan v. Thomas & Thomas,* 2007 WL 2838474 (S.D.Ohio 2007). The plaintiff in that case alleged the debt collector submitted false affidavits to obtain a garnishment order for his bank account. *Id.* at *6. Because Wetherelt does not allege Defendant made any false statements or representations to attempt to collect the debt in this case, *Jordan* is inapposite.

tained only exempt Social Security funds was unfair or unconscionable in violation of the Fair Debt Collection Practices Act. *Id.* at 1047. The debt collector moved to dismiss the action for failure to state a claim. *Id.* at 1047–48. It argued, under Iowa law, the only means to ascertain a debtor's assets is to execute and then request a debtor's exam when the execution comes back unsatisfied. *Id.*

The court denied the motion to dismiss. *Id.* at 1051. It observed there were other ways besides garnishment for the debt collector to ascertain the plaintiff's assets and thus the debt collector's decision to execute may be unfair or unconscionable. *Id.* at 1048. According to the court, the debt collector could have contacted the plaintiff's attorney to obtain further verification of the source of the plaintiff's income. *Id.* Additionally, the court noted, although creditors typically seek a debtor's exam after an execution is returned unsatisfied, nothing in Iowa law prevents a creditor from requesting a debtor's exam before seeking execution. *Id.* at 1048–50. The court relied heavily on the fact that the debt collector's knowledge about the source of the plaintiff's income derived from a sworn affidavit submitted by the plaintiff's attorney. *Id.* at 1050–51. The court distinguished the case from a similar case in Nebraska where the plaintiff provided only his own unsubstantiated contentions that his only source of income was Social Security. *Id.* at 1049.

Wetherelt asserts, like the debt collector in *Hogue,* Defendant could have taken measures to verify the source of the funds in Wetherelt's bank account. Wetherelt maintains a jury could find Defendant's failure to do so was unfair or unconscionable.

As an initial matter, Wetherelt has failed to allege that Defendant's conduct falls within any of the enumerated categories in § 1692f of the Act. The only remotely related category is found at subsection (6)(C). It prohibits a debt collector from taking any nonjudicial action to effect dispossession or disablement of property if the property is exempt by law from such dispossession or disablement. 15 U.S.C. § 1692f(6)(C). This provision is not applicable here, however, because Defendant's conduct—seeking a writ of execution—was a judicial action, not a nonjudicial action. The Court therefore must determine whether Wetherelt has sufficiently alleged that Defendant's conduct was otherwise unfair or unconscionable. She has not.

The facts of this case are more akin to those in *Shrestha* than *Hogue.* The court in *Hogue* relied heavily on the fact that the plaintiff was represented by an attorney with professional ethical obligations and the attorney had provided the debt collector with a sworn affidavit regarding the source of the plaintiff's income. In light of these facts, the court concluded the debt collector was required to attempt to verify the plaintiff's statements before execution. Here, Wetherelt was not represented by an attorney in the justice court proceedings. Her answer was not a sworn affidavit and it was not submitted by an attorney subject to professional ethical obligations. Rather, it was similar to the unsubstantiated statements of the plaintiff in *Shrestha,* where the court concluded the debt collector was justified in seeking execution.[4]

---

**4.** Wetherelt points out that *Shrestha v. State Credit Adjustment Bureau, Inc.,* 117 F.Supp.2d 142 (D.Conn.2000), was decided on a motion for summary judgment and *Hogue v. Palisades Collection, LLC,* 494 F.Supp.2d 1043 (S.D.Iowa 2007), was decided on a motion to dismiss. Although this fact means the record in *Shrestha* was more developed than the record here, it does not render *Shrestha* unpersuasive. To survive a motion to dismiss, the plaintiff must allege enough facts to state a

In addition to the factual differences between the instant case and *Hogue,* the reasoning utilized by the district court in *Hogue* to interpret Iowa's execution statute is not convincing. Iowa law, like Montana law, permits a creditor to request a debtor's exam when an execution against the property of the debtor is returned unsatisfied. Iowa Code § 630.1; *see also* Mont.Code Ann. § 25–14–101. It does not contain any provision authorizing a debtor's exam prior to execution. Despite this fact, the court in *Hogue* determined Iowa law did not necessarily prohibit a pre-execution exam. 494 F.Supp.2d at 1050. Montana law also does not explicitly authorize creditors to request a debtor's exam before execution. Instead, it only explicitly permits such a request after an execution is returned unsatisfied and "at any time after such return is made." Mont.Code Ann. § 25–14–101. Although no Montana court has addressed the issue, the fact that the statute explicitly authorizes a debtor's exam after execution but says nothing about pre-execution exams suggests pre-execution exams are not permitted. Even if a Montana state court were to subsequently interpret the statute to permit pre-execution debtor's exams, it is unreasonable to conclude that a creditor's failure to request such an exam, when its availability is uncertain, rises to the level of unfairness or unconscionability.

■ Wetherelt provided Defendant with an unsubstantiated statement that her sole source of income was Social Security. This statement did not foreclose the possibility that Wetherelt's bank account contained funds from other sources. In any event, Defendant was not required to rely on Wetherelt's unsubstantiated statements regarding the source of her income. *See Shrestha,* 117 F.Supp.2d at 145. Defendant could have asked Wetherelt to verify the source of her income by submitting a sworn affidavit or copies of her bank statements. Defendant even could have attempted to obtain a debtor's exam before seeking a writ of execution. The issue here, however, is not what Defendant could have done; it is whether a reasonable jury could find Defendant acted unfairly or unconscionably. It could not. Defendant followed the procedures provided for under Montana law for obtaining a writ of execution. A debt collector who, faced with unsubstantiated claims regarding exempt funds, avails itself of lawful procedures to verify the status of those funds does not act unfairly or unconscionably. Because no reasonable juror could find otherwise, Wetherelt has failed to state a claim upon which relief can be granted.

## V. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (dkt # 8) is GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

claim to relief that is plausible on its face. Wetherelt. has not done that here.