******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JUAN COLON-COLLAZO *v.* LESLIE COX
(AC 40858)

Lavine, Prescott and Eveleigh, Js.

*Syllabus*

The plaintiff sought to recover damages for defamation from the defendant, who filed a counterclaim for breach of the parties' separation agreement, alleging, inter alia, that the plaintiff was in arrears on his obligation to pay unallocated alimony and child support. Thereafter, the plaintiff withdrew his complaint, the parties stipulated to the amount due on the counterclaim, and the trial court rendered judgment on the counterclaim in accordance with the parties' stipulation. The defendant subsequently applied for, and was granted, a property execution on the contents of a storage unit rented in the name of the plaintiff's father, and filed a claim for a determination of interests in the disputed property. Following an evidentiary hearing, the trial court found that the plaintiff owned the contents of the storage unit but that a variety of items in the storage unit were exempt from property execution pursuant to statute (§ 52-352b). On the defendant's appeal to this court, *held*:

1. The trial court erred in determining, sua sponte, that certain property was statutorily exempt from execution; pursuant to the plain language of the applicable statute (§ 52-361b [d]), a judgment debtor may claim an exemption by returning a signed exemption claim form indicating the property claimed to be exempt, and because § 51-361b (d) makes clear that if a judgment debtor chooses to claim an exemption, the judgment debtor must return the exemption claim form, which the plaintiff here failed to do, the statutory procedures provided for in § 52-361b (d), which provide for notice, a stay of the property execution and a hearing to determine the rights to the disputed property, were not triggered.

2. Even if the plaintiff could assert a claim of exemption over the levied property without filing the necessary form, the plaintiff failed to seek a determination that the property was exempt, and, thus, the trial court should not have exempted any of the items from execution because it was never asked to do so; the sole claim of the plaintiff at the hearing was that the items in the storage unit did not belong to him, he failed to assert in any way that even if the property belong to him it should be deemed exempt as necessary to him, and, thus, the court improperly determined that certain items were necessary to the plaintiff despite the lack of any such claim being made and without supporting evidence.

Argued May 15—officially released October 1, 2019

*Procedural History*

Action to recover damages for defamation and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the defendant filed a counterclaim; thereafter, the plaintiff withdrew the complaint; subsequently, the matter was transferred to the judicial district of Stamford, where the court, *Heller, J.*, rendered judgment on the counterclaim for the defendant in accordance with a stipulation of the parties; thereafter, the court, *Hon. Edward J. Karazin, Jr.*, judge trial referee, ordered that certain property of the plaintiff was exempt from a property execution, and the defendant appealed to this court. *Reversed in part; further proceedings.*

*Thomas B. Noonan*, for the appellant (defendant).

*Juan Colon-Collazo*, pro se, the appellee (plaintiff) filed a brief.

*Opinion*

PRESCOTT, J. In this appeal from postjudgment proceedings to obtain satisfaction of a civil dissolution judgment, the defendant judgment creditor, Leslie Cox, appeals from the judgment of the trial court ordering that certain property of the plaintiff judgment debtor, Juan Colon-Collazo, is exempt from a property execution.[1] On appeal, the judgment creditor claims that the court improperly concluded that certain property she sought to levy was exempt because (1) the judgment debtor never filed a claim for an exemption as required by our statutes and case law and (2) its conclusion was not supported by any evidence. We reverse, in part, the judgment of the trial court.

The following facts, as found by the trial court, and procedural history are relevant. In February, 2012, the judgment debtor initiated an action against his former wife, the judgment creditor, alleging defamation. The judgment debtor withdrew the complaint, and the action proceeded on the judgment creditor's amended counterclaim, which alleged various breaches of the parties' separation agreement, including that the judgment debtor was in arrears on his obligations to pay unallocated alimony and child support. The judgment debtor was unrepresented during these underlying proceedings and on appeal. The parties stipulated to the amount due on the counterclaim, and, on November 23, 2015, the court, *Heller, J.*, rendered judgment on the counterclaim in the amount of $448,946.61, plus postjudgment interest.

On August 15, 2016, the judgment creditor applied for a property execution pursuant to General Statutes § 52-356a, which was issued by the clerk of the court. A levying officer seized the property in a storage unit at Uncle Bob's Self Service Storage in Stamford (storage unit).[2]

On May 12, 2017, the judgment creditor filed a "Claim for Determination of Interests in Disputed Property" form that sought a determination of the parties' interests in the personal property in the storage unit, stating that the storage unit was leased in the name of the judgment debtor's father, Juan Colon-Pagan, but that the judgment debtor stored property in the storage unit that either belonged to him or was a former marital asset. See General Statutes § 52-356c.

The clerk of the court signed the section of the "Claim for Determination of Interests in Disputed Property" form entitled "Order For Hearing and Notice" and set a hearing date for June 5, 2017. Following an evidentiary hearing, the court, *Hon. Edward R. Karazin, Jr.*, judge trial referee, issued a memorandum of decision on July 28, 2017, that determined the interest in the disputed property contained in the storage unit. The court found that the storage unit was in the name of the judgment

debtor's father, but that the judgment debtor owned the contents of the storage unit. The court noted that none of the witnesses provided a complete list of the items in the storage unit, and that it searched the records and photographs of the inside of the storage unit to determine its contents. The court determined that a variety of items in the storage unit statutorily were exempt, pursuant to General Statutes § 52-352b, from property execution and that various other items were to be sold.[3] The court ordered that all other boxes and items not identified were to be sold except that the judgment debtor would have the ability to review those boxes to retain financial papers containing personal, identifying information. The court ordered that the net proceeds of the sale exceeding $1000 be turned over to the judgment creditor, and that the judgment debtor was to retain up to the first $1000. The judgment creditor filed a motion to reargue, which the court denied. This appeal followed.

I

The judgment creditor claims that because the judgment debtor did not claim that some or all of the goods were exempt from levy execution by filing an exemption claim form, the court's determination that certain property statutorily was exempt from execution was improper. We agree.

To place the judgment debtor's claim on appeal in the proper context, we turn to the relevant statutory scheme.[4] General Statutes § 52-356a (a) (1) provides in relevant part: "On application of a judgment creditor or a judgment creditor's attorney, stating that a judgment remains unsatisfied and the amount due thereon, and subject to the expiration of any stay of enforcement and expiration of any right of appeal, the clerk of the court in which the money judgment was rendered shall issue an execution pursuant to this section against the nonexempt personal property of the judgment debtor . . . ." Pursuant to General Statutes § 52-350f, "[a] money judgment may be enforced against any property of the judgment debtor unless the property is exempt from application to the satisfaction of the judgment under section . . . 52-352b . . . ." Section 52-352b provides a list of personal property that is exempt from a property execution.

The procedure by which a judgment debtor may claim an exemption is set forth in General Statutes § 52-361b (d), which provides in relevant part: "[A] judgment debtor may claim an exemption as to property . . . sought to be levied on . . . in a supplemental proceeding to the original action *by return of a signed exemption claim form*, indicating the property . . . claimed to be exempt . . . . *Any claim* with respect to a personal property execution under section 52-356a *shall be returned* within twenty days after levy on such property. On receipt of the claim, the clerk of the court shall

promptly set the matter for a short calendar hearing and give notice of the exemption . . . claimed and the hearing date to all parties . . . ." (Emphasis altered.)

Accordingly, this claim presents an issue of statutory construction over which our review is plenary. "The principles that govern statutory construction are well established. When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . Issues of statutory construction involve questions of law over which we exercise plenary review." (Citation omitted; internal quotation marks omitted.) *State* v. *Rodriguez-Roman*, 297 Conn. 66, 74–75, 3 A.3d 783 (2010).

The plain language of § 52-361b (d) provides that a *judgment debtor* may claim an exemption by returning a signed exemption claim form indicating the property claimed to be exempt. The use of the words "may" in the statute denotes that claiming an exemption is permissive conduct on the part of the judgment debtor. See *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 20, 848 A.2d 418 (2004) (generally "may" imports permissive conduct and conferral of discretion). That same subsection provides that a judgment debtor "shall" return a signed claim form, which suggests that the legislature intended to mandate a procedure that a judgment debtor must follow in order to make a claim for an exemption.[5] See id. (when legislature uses "shall" and "may" in same statute, those words "must then be assumed to have been used with discrimination and a full awareness of the difference in their ordinary meanings" [internal quotation marks omitted]); see also *Bailey* v. *State*, 65 Conn. App. 592, 604, 783 A.2d 491 (2001) (absent indication to contrary, use of mandatory term "shall" indicates mandatory legislative directive).

"The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory,

especially where the requirement is stated in affirmative terms unaccompanied by negative words." (Internal quotation marks omitted.) *Katz* v. *Commissioner of Revenue Services*, 234 Conn. 614, 617, 662 A.2d 762 (1995).

In our view, the returning of the claim form is an essential part of the process mandated by the statutory subsection. The return of the exemption claim form gives the judgment creditor notice of the dispute as to ownership of the seized property and provides the judgment debtor with an opportunity for a hearing to resolve the dispute. General Statutes § 52-361b (d). Pending the hearing on such claim, the execution is stayed and the marshal cannot dispose of the assets. General Statutes § 52-361b (e). Thus, the language of § 52-361b (d) makes clear that if a judgment debtor chooses to claim an exemption, the judgment debtor must return the exemption claim form.

Case law and other authority provide additional support for our determination that it is the judgment debtor's burden to claim an exemption. See *Great Country Bank* v. *Ogalin*, 168 Conn. App. 783, 800–803, 148 A.3d 218 (2016) (third party's claim that certain expenses not subject of property execution rejected, inter alia, because judgment debtor did not avail himself of statutory process to claim exemption under § 52-361b). "Property is not automatically exempted; it may be exempted provided the debtor follows proper procedure. Connecticut provides a simple procedure for judgment debtors to claim exemptions. . . . Accordingly, debtors are required to follow the statutory requirements to claim exemptions." (Citations omitted; emphasis omitted.) *Shrestha* v. *State Credit Adjustment Bureau, Inc.*, 117 F. Supp. 2d 142, 145 (D. Conn. 2000); see id., 145–46 (interpreting similar statute, General Statutes § 52-367b).

Although the judgment debtor was served with the property execution, which included a notice of judgment debtor rights, and was served with a copy of the exemption form, he did not claim an exemption by filing the exemption claim form. The exemption claim form, JD-CV-5b, includes a section entitled "Section 5–Claim of Exemption Established by Law."[6] Because the judgment debtor did not return the exemption form identifying property to be exempt, the statutory procedures in § 52-361d, which provide for notice, a stay of the property execution, and a hearing to determine the parties right to the disputed property, were not triggered.

In the present case, the judgment creditor requested a hearing to determine the rights to the property that was stored in a unit leased by the judgment debtor's father. At the hearing, the judgment debtor maintained that the seized property belonged to his father.[7] Therefore, even if other procedures in addition to those set forth by statute might be sufficient to claim an exemp-

tion, the judgment debtor failed to claim properly an exemption at any time during the pendency of the proceedings before the trial court.[8] Accordingly, the court improperly determined, sua sponte, that certain property was exempt from the property execution pursuant to § 52-352b.

## II

Even if we were to conclude that a judgment debtor can assert a claim of exemption over levied property without filing the necessary form, we would still conclude, on the present record, that the judgment debtor failed to seek a determination that the property was exempt. Thus, we agree with the judgment creditor's alternative claim that the judgment debtor presented no claim or evidence at the hearing that any of the seized property was exempt.

"As a general rule, the party asserting an exemption from execution, attachment, or seizure to satisfy a judgment bears the burden of establishing entitlement to the exemption. Once a judgment creditor proves a judgment debtor owns property, it is the judgment debtor's burden to prove that the property is exempt from attachment." (Footnote omitted.) 31 Am. Jur. 2d 1002, Exemptions § 311 (2012).

A determination that property is "necessary" and therefore exempt from a property execution is a question of fact. See *Patten* v. *Smith*, 4 Conn. 450, 454 (1823) (whether articles claimed to be exempted are necessary is factual inquiry). "[A] finding of fact will not be overturned unless it is clearly erroneous in light of the evidence in the entire record. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . ." (Citations omitted; internal quotation marks omitted.) *Baretta* v. *T & T Structural, Inc.*, 42 Conn. App. 522, 525, 681 A.2d 359 (1996).

Section 52-352b provides in relevant part: "The following property of any natural person shall be exempt: (a) Necessary apparel, bedding, foodstuffs, household furniture and appliances . . . (f) Health aids necessary to enable the exemptioner to work or to sustain health . . . ." The term "necessary" is defined within the postjudgment procedure statutes in relevant part as "reasonably required to meet the needs of the exemptioner . . . ."[9] General Statutes § 52-352a (b). The court found that certain sports equipment was exempt for health reasons, and that some of the bedding, household furniture and appliances in the storage unit was also exempt. See footnote 3 of this opinion. In its decision on the judgment creditor's motion to reargue, the court explained that it took into consideration the statutory definition of the word "necessary."

An examination of the claim before us[10] reveals that the court found items to be "necessary" to the judgment debtor despite the lack of any such claim being made

and without supporting evidence. The sole claim of the judgment debtor at the hearing was that the items in the storage unit did not belong to him. He failed to assert in any way that even if the property belonged to him that it should be deemed exempt as necessary to him. He testified that in March, 2012, the items were placed in a storage unit leased by his father and that the items were transferred to his father at that time. The judgment debtor argued that, sometime thereafter, he had returned to Puerto Rico years before the hearing. The judgment debtor presented no evidence or argument at the hearing that any property in the storage unit should be deemed exempt and presented no evidence that the seized property was "necessary" to him. Having resolved the question of whether the property was owned by the judgment debtor and not his father, the trial court should not have exempted any of the items from execution because it was never asked to do so.[11]

The judgment is reversed as to the portion of the court's order exempting certain property from the execution and the case is remanded for further proceedings as to that property; the judgment is affirmed in all other respects.

In this opinion, the other judges concurred.

[1] For sake of clarity, we refer to Cox as the judgment creditor and Colon-Collazo as the judgment debtor rather than as defendant and plaintiff.

[2] "Goods are levied as part of the process of execution of a judgment. . . . The execution of a writ of execution consists of two acts, the levy, or taking property into possession of the sheriff for sale, and the execution sale itself. . . . A levy on personal property is generally defined as a seizure of the property. Thus, in most jurisdictions, it is essential to the completion of a levy of execution upon personal property that there be a seizure, either actual or constructive, of the property." (Citations omitted; internal quotation marks omitted.) *Nemeth* v. *Gun Rack, Ltd.*, 38 Conn. App. 44, 52–53, 659 A.2d 722 (1995).

[3] The court stated: "LIST OF ITEMS TO BE AWARDED OR SOLD:

"1. Charles Dickens desk—Exempt

"2. Base for the break front—Exempt

"3. Refrigerator—Sell

"4. Wine Refrigerator—Sell

"5. Desktop—Exempt

"6. Skis—Sell

"7. Daughter's bed—Sell

"8. Bikes—Sell all except one of the ex-husband's choice for health reasons

"9. Brown Jordan's Furniture—Sell

"10. Base for the partner's desk—Exempt

"11. Tennis balls and machines—Sell except for one tennis racket for health reasons and 3 balls

"12. Ducks bed of daughter—Sell

"13. Partner's desk—Exempt

"14. Skis—Sell

"15. Baseball mitt—Sell

"16. The lamp shown in Exhibit F5—Exempt

"17. Personal pictures as shown in Exhibit F10—Exempt except that the defendant is to make, at his expense, suitable copies for Leslie Cox . . . ."

[4] By way of background, we note that in 1983, the legislature passed Public Acts 1983, No. 83-581, which overhauled postjudgment procedures regarding the enforcement of judgments, attempting to balance the interests of judgment creditors and judgment debtors. Philip Dunn, chairman of the subcommittee responsible for drafting the act concerning postjudgment remedies, which included § 52-361b, stated: "This task [of drafting an act concerning postjudgment remedies] was assigned to the [c]ommission in 1981 . . . and

at that time, the intent was to clean up a hodgepodge of legislation that regulated and controlled the enforcement of judgments. . . .

"I think the notice requirements of exemptions of the consumers is [a] large step forward and we feel that the disclosure provisions will be a help to the people who collect just debts. And I think there's no way [we] can avoid not wanting to have [the] just debt collected and by the same token, there is no intent by the [c]ommission or the legislature to try and take advantage of a citizen or consumer creditor or debtor." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 3, 1983 Sess., p. 1075–76.

[5] We need not decide whether the twenty day time limit is mandatory or whether the court can permit a late return of the exemption claim form because, in the present case, the judgment debtor did not claim an exemption at any time. At issue in the present case is whether it is the burden of the *judgment debtor* to claim an exemption or whether a trial court properly can exempt certain property even if the judgment debtor failed to claim an exemption or failed to offer any evidence that certain property statutorily should be exempt.

[6] Section 4 of the exemption claim form provides in relevant part: "As a result of a judgment entered against you the attached execution has been issued against your personal property. Some of your personal property may be exempt from execution—Certain classes of personal property may be protected from execution by state statutes or other laws or regulations of this state or of the United States. A checklist and description of the most common classes of personal property of a natural person exempt from execution are listed on page 2 of this form.

"How to claim an exemption established by law—If you want to claim that the property levied on by the levying officer is exempt by law from execution you must fill out and sign the Claim of Exemption on page 2 of this form and return this exemption claim form to the clerk of the Superior Court at the address above. The form must be received by the clerk of the Superior Court within 20 days after levy on the property. Upon receipt of this form, the court clerk will send you and the judgment creditor the date of the court hearing on your claim." (Emphasis omitted.)

[7] The judgment debtor's father did not seek to intervene in the proceedings to assert any claim of ownership in the property that was levied by the marshal.

[8] "[Although] . . . [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . we are also aware that [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Tonghini* v. *Tonghini*, 152 Conn. App. 231, 240, 98 A.3d 93 (2014).

[9] Also included in the definition of "necessary" are items reasonably required to meet the needs of the exemptioner's "dependents including any special needs by reason of health or physical infirmity." The court did not find that any of the items associated with the judgment debtor's daughter were exempt and no mention was made at the hearing or in the decision of the judgment debtor having any special needs.

[10] The court found that some bedding, household furniture and appliances were exempt and some were not exempt. It is clear that the court applied the word "necessary" to modify each item in § 52-352b (a). Because no claim was raised, and because the requirements in *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 161–64, 84 A.3d 840 (2014), for raising nonjurisdictional claims sua sponte have not been met, we make no determination as to whether the court's application was proper.

[11] Even if the judgment debtor had claimed that some or all of the property was exempt because it is reasonably required to meet his needs, we note that the items have been in storage since 2012. This fact seems fundamentally inconsistent with any claim that they are necessary to meet the needs of the judgment debtor, who had asserted at the hearing that he had been in Puerto Rico for much of that time and had been to the storage facility only once since 2012.